Nicholson, C. J.,
delivered the opinion of the Court.
Complainant files her bill in this cause, to be endowed of the land of her late husband, John Reynolds, and for her distributive share in his personal estate. Their marriage took place in 1848, he having three children by a former marriage, and she also having several children by a former marriage. He died in 1865, over seventy years of age; complainant being at that time, between fifty and sixty years of age.' In 1857, her husband, John Reynolds, made a conveyance in fee simple, of all the land he owned, to the defendants, his three children. Complainant alleges that this conveyance was made to defraud her of dower, and she prays that the conveyance may be set aside and dower assigned to her.
Complainant claims dower under the provisions of section 2406 of the Code, which enacts that “any conveyance, made fraudulently to children, or otherwise, with an intent to defeat the widow of her dower, shall be void.” This statute is a transcript of the act of 1784, which was construed in the case of Littleton v. Littleton, 1 Dev. & Bat., 330; and the construction placed upon it in that ease, was followed and adopted by the Court in the case of McIntosh and Wife v. Ladd, 1 Hum., 459. In the North Carolina case, the Court say bona fide conveyances, that is to say, such as are not intended to defraud the widow, do not seem to be *346 within the meaning, more than within the words, of the act; such are sales, to make which a power is allowed the husband; such, too, appear to be, bona fide gifts whereby the husband actually and openly divests himself of his property and the enjoyment of it, in his life-time, in favor of children and others, thereby making, according to his circumstances and the situation of his family, a just and reasonable provision for persons having meritorious claims on him, and with that view, and not with the view to defeat, nor for the sake of diminishing, the widow’s dower.
It is clear that'the intent to defeat the widow of her dower must have existed and operated at the time the conveyance was made, to authorize the Court to declare it void. To determine whether such intent existed and operated at the time of the conveyance or not, must depend upon an „ examination of the facts in proof.
As well as we can discover from the proof, complainant and her husband lived harmoniously together for a number of years after their marriage, and probably were so living when the conveyance was made, in 1857. At that time, besides the lands in controversy, John Reynolds was the owner of several slaves, and had a considerable amount of other personal property. He was then in need of money, which was furnished to ■ him by defendants, to the amount of three hundred dollars, and thereupon, on the 31st of July, 1867, he made the conveyance, which is sought to be set aside for fraud.
By reference to the deed, it appears that it purports to be a bargain and sale of the land “for the consideration of three, thousand dollars in hand paid.” It is an *347 absolute deed in fee simple, with covenants of general warranty. . It was executed in the presence of two witnesses, who subscribed it as such. It appears further, from the certificate of James H. Vance, Clerk oí the County Court, who is one of the defendants, that John Reynolds; on the 31st of July, 1857, the date of the deed, acknowledged the same for registration, but that it was not registered until 1865, after the death of John Reynolds, but it does not appear who had possession of it after its acknowledgment and until its registration. The proof further shows that the money consideration was three hundred dollars, instead of three thousand, and that love and affection, as alleged in the answer, was a material consideration of the conveyance. It appears in proof, that John Reynolds continued to occupy and use the land after the conveyance, and until his death. Complainant alleges that she knew nothing of the conveyance until after the death of her husband, and this allegation is not denied.
In answer to the allegation in the bill that the deed may have been antedated or may have been a forgery, defendants say: “If the complainant is serious in charging that the conveyance is a forgery, or was executed at a time subsequent to its date, or privately, all of which is denied, she can have the benefit of the testimony of the subscribing witnesses thereto, who are now residents of the town of Rogersville.” It does not appear that the subscribing witnesses were examined by either party. Defendants deny that the deed was made for a fraudulent purpose, and say the delay in its registration was the result of mere negli- *348 genee. The answer is sworn to by only two of the defendants, James H. Vance and Lucy C. Vance.
It is to be observed that it is the intent with which the husband sells or gives his land, upon which the right of his widow to dower must depend. It appears that in the case before us, the husband divested himself of all the land he then owned. It appears further, that he vested the absolute title in his three children, and by so doing, if the conveyance was' valid, he defeated and annulled the dower right of his wife. Did he thus divest himself of the title of all his land with the purpose and intent of defeating her right to dower? If his intent and purpose went no further than to make a just and reasonable provision for his children, according to the circumstances and situation of his family; and if he actu-r ally and openly divested himself of his property, and the enjoyment of it, in favor of his children, then the conveyance was free from fraud, and the dower right of his wife was defeated. But such is not the case made by the facts and circumstances to which we have referred. The deed on its face,' purports to be a bargain and sale for the consideration of three thousand dollars in hand, paid — in truth it was a gift, except the inconsiderable sum of three hundred dollars. The deed is absolute, and entitled the defendants to immediate possession — yet he continued in the uninterrupted possession and use of the land until his death, a period of about eight years. The deed was executed and acknowledged before one of the defendants on the 31st of July, 1857, but is withheld from registration for eight years, and until after the death of the husband. The only reason given for this delay is, *349 that it was mere negligence. These facts are wholly inconsistent with the supposition that he had no intent or purpose to defeat his widow of dower, and that the conveyance was a bona fide gift, whereby he actually and openly divested himself of his property, and the enjoyment of it, in his life-time, in favor of his children, thereby making, according to the circumstances, and the situation of his family, a just and reasonable provision for them, and not with the view to defeat, nor for the sake of diminishing the wife’s dower.
We affirm the decree of the Chancellor.